# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JUSTIN CHILDRESS,

            Plaintiff,

-vs-                                       Case No. 6:09-cv-1955-Orl-28GJK

BUBBA'S WORLD, LLC and GHOLAMREZA BABAZADEH,

            Defendants.
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO ENFORCE SETTLEMENT, OR IN THE ALTERNATIVE, SECOND AMENDED MOTION FOR DEFAULT JUDGMENT (Doc. No. 22)** |
| **FILED:** | **August 11, 2011** |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED IN PART AND DENIED IN PART.** | |

### I. BACKGROUND.

On November 16, 2009, Justin Childress (the "Plaintiff") instituted this action by filing a complaint (the "Complaint") against Bubba's World, LLC ("Bubba's World") and Gholamreza Babazadeh ("Babazadeh") (collectively, the "Defendants") alleging a violation of the minimum wage and overtime provisions of the Fair Labor Standards Act (the "FLSA") and Florida's

minimum wage law, Section 448.110, Florida Statutes. Doc. No. 1. On March 11, 2010, Plaintiff filed a Waiver of Service of Summons executed by Babazadeh on his own behalf. Doc. No. 6. An executed return of service has also been filed as to Bubba's World. Doc. No. 16. The Clerk has entered default, pursuant to Rule 55(a), against the Defendants. *See* Doc. Nos. 10, 21.

On August 11, 2011, Plaintiff filed an Amended Motion to Enforce Settlement, or in the Alternative, Second Amended Motion for Default Judgment (the "Motion"). Doc. No. 22. In the Motion, Plaintiff states that prior to the first entry of Clerk's default being entered, counsel and Babazadeh reached an oral agreement to resolve the cases "subject to review and execution of a bilateral release." Doc. No. 22 at 1. However, Babazedeh subsequently "communicated that he will not voluntarily settle this case." *Id*. at 2. In the Motion, Plaintiff requests that the Court enforce the oral agreement. Doc. No. 22 at 2. Plaintiff previously filed a motion requesting that the Court enforce the oral agreement. Doc. No. 14. On April 22, 2011, the Court entered an order denying Plaintiff's request to enforce the oral agreement because "it is unclear whether the oral agreement was for the parties to provide a bilateral specific or general release." Doc. No. 15 at 2.

In the alternative, the Motion seeks a default judgment against Defendants for a total amount of $3,998.79, representing $665.02 in unpaid minimum wages, $665.02 in an equal amount of liquidated damages pursuant to Section 448.110(6)(c), Florida Statutes, $496.88 in unpaid overtime wages, and $496.87 in an equal amount of liquidated damages pursuant to the FLSA, $1,325.00 in attorney's fees and $350.00 in costs. Doc. No. 22 at 4-7.[1]

---

[1] The difference between the amount of unpaid overtime wages and liquidated damages ($496.88 and $496.87) is due to calculations based upon calculations to the 1/1000 decimal point. *See* Doc. No. 22 at 7.

Regarding the attorneys' fees sought, counsel states that he expended 5.3 hours of work on the case at a rate of $250.00 per hour. Doc. No. 22 at 6. Counsel has previously filed a detailed time sheet. Doc. No. 11 at 6-7. Counsel states that he has previously been awarded a reasonable hourly rate of $250 in similar FLSA cases. Doc. No. 22 at 6 (citing *Basli v. Southeastern Neon & Lighting Group, Inc.*, 6:07-cv-1460-Orl-19GJK, Doc. No. 35 (M.D. Fla. May 14, 2009)). As to the $350.00 in costs requested, counsel states that it represents the filing fee in this case. Doc. No. 22 at 7. Defendants have not responded to the Motion.

## II. ANALYSIS.

### A. Settlement Agreement.

The undersigned has previously denied Plaintiff's same request to enforce the oral agreement because it was not specific regarding the terms of the release. Doc. Nos. 14-15. Plaintiff offers no additional reasons why the Court should enforce the alleged oral agreement. *See* Doc. No. 22 at 1-2. Accordingly, it is **RECOMMENDED** that the Court **DENY** the Motion to the extent it requests enforcement of the oral agreement.

### B. Default Judgment.

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id.* A plaintiff may quantify damages by affidavit or other admissible evidence. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA pr Section 448.110 is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); § 448.110(6)(c), Fla. Stat.

Plaintiff states that he was employed by Defendant during 2008 and 2009. Doc. No. 1 at 3. Plaintiff states that during the relevant time period, his regular rate of pay was $6.00 per hour. Doc. No. 22 at 3. Plaintiff states that because the amount of commission on his gross sales fluctuated, at times his total gross pay was either above or below minimum wage. *Id.*

Plaintiff included a chart in the Motion to reflect the amount of hours worked per week, the total pay received, and the rate of pay. Doc. No. 22 at 4-5. The chart reflects the amount of minimum wages owed, the amount of overtimes wages owed plus an equal amount of liquidated damages. The Court has reviewed the calculations and finds that they are accurate, except that one cent was added by counsel to Plaintiff's calculations for unpaid overtime wages due to a rounding error. Accordingly, it is recommended that Plaintiff be awarded $665.02 in unpaid minimum wage, plus an equal amount in liquidated damages pursuant to Section 448.110(6)(c), Florida Statutes, 496.87 in unpaid overtime wages, plus an equal amount in liquidated damages.

Regarding attorneys' fees requested, counsel has previously been awarded a reasonable hourly rate of $250.00 in a similar FLSA case. *See Basli v. Southeastern Neon & Lighting Group, Inc.*, 6:07-cv-1460-Orl-19GJK, Doc. No. 35 (M.D. Fla. May 14, 2009). Accordingly, it is recommended that the Court find that the hourly rate requested is reasonable. The undersigned has also reviewed the detailed time sheet (Doc. No. 11 at 6), and recommends that the Court find that 5.3 hours of time expended is reasonable in this case. Furthermore, the costs requested are

recoverable under 28 U.S.C. § 1920 and, therefore, it is recommended that the Court find the costs requested are reasonable. Thus, it is recommended that Plaintiff be awarded at total of $3,998.78, representing $2,323.78 in damages and $1,675.00 in attorneys' fees and costs.

### III. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 22) to the extent it requests a default judgment in the total amount of $3,998.78;

2. Otherwise **DENY** the Motion (Doc. No. 22);

3. Direct the Clerk to enter default judgment as set forth above and to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 4, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party